UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHRISTOPHER LEON SMITH,<br><br>      Plaintiff,<br><br>  v.<br><br>STATE OF WASHINGTON, et al.,<br><br>      Defendant. | CASE NO. 3:21-cv-5636-RSM-BAT<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL WITHOUT PREJUDICE** |

  On February 23, 2023, Plaintiff Christopher Leon Smith moved to compel discovery and to extend his deadline to designate experts. Dkt. 25. At the time he filed the motion, Plaintiff asserted Defendant Department of Corrections ("DOC") had "made no attempt to either answer the discovery or to provide the requested documents" requested in Plaintiff's Second and Third Sets of Interrogatories and Requests for Production sent to DOC on September 21, 2022 and October 3, 2022. *Id.* Plaintiff requested responses to all discovery, an extension for designating experts, and attorney fees for bringing the motion. *Id.* Plaintiff did not identify the disputed discovery requests.

  DOC states it previously responded to discovery and produced thousands of pages of records in May of 2022 and subsequently, DOC responded to Plaintiff's Second, Third, and Fourth Interrogatories and Requests for Production, produced additional records, and responded to Requests for Admission. Dkt. 29. Thereafter, the parties apparently agreed the DOC would produce additional documents and supplement its responses. *Id.*, p. 3. According to the DOC,

ORDER DENYING PLAINTIFF'S MOTION
TO COMPEL WITHOUT PREJUDICE - 1

Plaintiff's counsel represented he would strike his motion to compel after DOC proved it had sent the supplemental production. DOC states it provided proof of that production, but Plaintiff failed to strike his motion.

In his Reply, Plaintiff asserts the DOC has done everything in its power to obstruct and withhold information and has deliberately undermined the discovery process. Dkt. 31.[1] Plaintiff asks the Court to find the DOC has waived any objections to all discovery responses because it failed to timely respond. In addition, Plaintiff identifies, for the first time in these motion papers, two specific interrogatories (Nos. 1 and 3), relating to facts and documents supporting two of DOC's affirmative defenses. Plaintiff asserts the DOC objected but provided no responsive discovery to these and all other interrogatories "where plaintiff asked for the factual basis of its affirmative defenses." *Id.*, p. 4.

The Court **denies** the motion to compel without prejudice. The issues for judicial review are not properly identified and while some issues appear to have been resolved since the filing of the original motion, it is not clear to the Court which issues have been resolved and which remain unresolved.

Accordingly, it is **ORDERED**:

1. Plaintiff's motion to compel (Dkt. 25) is **denied without prejudice**.

2. The parties are directed to again confer and make a good faith effort to resolve the remaining discovery issues without Court intervention.

3. Plaintiff's deadline to designate experts shall be extended until two weeks after the discovery issues are resolved, either between the parties or the Court.

//
//

---

[1] Plaintiff's reply is filed a second time at Dkt. 32.

ORDER DENYING PLAINTIFF'S MOTION
TO COMPEL WITHOUT PREJUDICE - 2

1     4.    If an additional motion to compel is filed, each disputed discovery request shall be specifically identified and appropriately supported by each party's response, objection, and/or supporting legal argument.

DATED this 17th day of April, 2023.

                                                                                            BRIAN A. TSUCHIDA
                                                                           United States Magistrate Judge

ORDER DENYING PLAINTIFF'S MOTION
TO COMPEL WITHOUT PREJUDICE - 3