UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHRISTOPHER LEON SMITH,<br><br>         Plaintiff,<br><br>   v.<br><br>STATE OF WASHINGTON, WASHINGTON STATE DEPARTMENT OF CORRECTIONS, ROBIN SMITH, JULIA BARNETT, JACK WARNER, ADELAIDE HORNE, ELKE JACKSON, AREIG AWAD, CO PRUITT, DEBORAH TONHOFER, CO WHITE, JON REYES, RN3 HAWKINS, CARLEEN GRIMES, DWAYNE EVANS, JENNIFER MEYERS, JO PHILLIPS, F. JOHN SMITH, RN TRENER and DOES I-X inclusive,<br><br>         Defendants. | CASE NO. 3:21-cv-5636-TMC-BAT<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (DKT. 40); AND PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT (DKT. 43)** |

The Court, having reviewed the Report and Recommendation of the Honorable Brian A. Tsuchida, United States Magistrate Judge, any objections or responses to that, and the remaining record, finds and **ORDERS** as follows:

(1)   The Court adopts the Report and Recommendation;

   a.   Plaintiff Christopher Smith did not file any objections.

ORDER GRANTING IN PART AND
DENYING IN PART DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT
(DKT. 40); AND PLAINTIFF'S MOTION FOR
PARTIAL SUMMARY JUDGMENT (DKT.
43) - 1

    b.  Defendants filed what appear to be five objections, but they are so vague and conclusory they arguably do not meet the standard for "specific written objections" under Federal Rule of Civil Procedure 72(b)(2) that trigger this Court's de novo review. *See* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been *properly* objected to" (emphasis added)). Defendants do not identify any particular flaw in the legal or factual analysis of Magistrate Judge Tsuchida's 40-page report and recommendation. They do not cite a single legal authority. Nor do they cite a single piece of evidence from the record. At best, they rehash conclusory arguments from their underlying briefs. Defendants' lack of any meaningful effort or analysis in their objections is particularly surprising given that they are not pro se or unsophisticated litigants, but rather are represented by the Washington State Office of the Attorney General.

    c.  Nonetheless, the Court has reviewed de novo the portions of the Report and Recommendation to which Defendants appear to object and will address each objection in turn.

    d.  First, Defendants assert, without citation to anything in the record, that Mr. Smith "abandoned" his Section 1983 claims. Dkt. 54 at 2. The Court cannot ascertain any plausible basis for this objection and it is OVERRULED.

    e.  Second, Defendants object that "the R&R primarily incorrectly held that there are no questions of material fact with respect to the actions or inactions of certain Defendants in relation to negligence," and that these questions are for

the jury. Dkt. 54 at 2. Without identifying any evidence in the record, Defendants assert they "submitted ample records and testimony confirming there is a verifiable dispute as to the veracity of Plaintiff's allegations, as well as Plaintiff's credibility, including his own proximate cause for failure to follow recommendations of DOC medical providers." *Id.* But Judge Tsuchida granted Plaintiff's motion to strike Defendants' same unsupported factual assertions about Plaintiff's alleged noncompliance with his providers' recommendations, and Defendants have not objected to that ruling. *See* Dkt. 53 at 16–17. Judge Tsuchida concluded that Mr. Smith presented unrebutted expert opinion that the treatment provided by Defendants Horne and Smith fell below the standard of care, was medically unacceptable, and caused Mr. Smith harm, and that the extremely limited evidence submitted by Defendants in opposition did not create a genuine dispute of material fact. *Id.* at 29–32. The Court agrees with Judge Tsuchida's analysis, OVERRULES the objection, and ADOPTS the Report and Recommendation with respect to Mr. Smith's negligence claims.

f. Third, Defendants "object to a suggested finding that there was somehow increased harm to the Plaintiff by the alleged delay in surgery," claiming (without citation to the record) that Plaintiff's treating provider admitted as much. Dkt. 54 at 2. At most, this objection goes to Defendants' contention that the delay in surgery did not cause increased permanent damage to Mr. Smith's body. But it ignores entirely the unrebutted evidence of increased

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (DKT. 40); AND PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT (DKT. 43) - 3

pain and suffering caused by the delay, and attributable to Defendants' failure to provide adequate care for Mr. Smith's diabetes. As Judge Tsuchida wrote: "Dr. Bieber's statement goes only to the extent of Plaintiff's injuries and damage, not the pain and suffering he was forced to endure. Plaintiff has presented undisputed evidence he was harmed by the lack of appropriate medical care for his diabetes and as a result, he suffered in pain until his surgery became urgent. Defendants have provided no evidence to the contrary." Dkt. 53 at 32. The Court agrees with Judge Tsuchida's analysis, OVERRULES the objection, and ADOPTS the Report and Recommendation on this point.

g. Fourth, Defendants' object in a wholly conclusory manner to Judge Tsuchida's recommendation that Mr. Smith's Eighth Amendment claims be allowed to go forward against certain defendants. Dkt. 54 at 3. Judge Tsuchida set forth a detailed analysis explaining the genuine issues of material fact from which a reasonable jury could conclude that Defendants Smith and Horne knew of, but were deliberately indifferent to, Mr. Smith's serious medical needs with respect to his diabetes. Dkt. 53 at 19–23. The Court agrees with Judge Tsuchida's analysis, OVERRULES the objection, and ADOPTS the Report and Recommendation with respect to Mr. Smith's Eighth Amendment claims.

h. Fifth and last, Defendants raise a similar conclusory objection to the recommendation that Mr. Smith be allowed to go forward with his First

Amendment retaliation claim against Defendant White. Dkt. 54 at 3. But Judge Tsuchida persuasively explained how Mr. Smith presented evidence from which a reasonable jury could conclude that Defendant White pulled him out of his wheelchair and assaulted him in retaliation for filing a grievance related to his wheelchair use just four days earlier—and that Defendants presented no evidence to the contrary. Dkt. 53 at 26–27. The Court agrees with Judge Tsuchida's analysis, OVERRULES the objection, and ADOPTS the Report and Recommendation with respect to Mr. Smith's First Amendment claim.

   i.  Defendants have not objected to any other portion of the Report and Recommendation.

(2) Defendants' Motion for Summary Judgment (Dkt. 40) is **GRANTED** in part as follows:

   a.  Eighth Amendment Deliberate Indifference (Count I) as to Defendants Julia Barnett, Jack Warner, Elke Jackson, Areig Awad, Cory Pruitt, Deborah Tonhofer, Tim White, Jon Reyes, Kenny Hawkins, Carleen Grimes, Dwayne Evans, Jennifer Meyers, F. John Smith (deceased), Trina Ralston, and Jo Phillips.

   b.  First Amendment Retaliation (Count II) as to Defendants Cory Pruitt, Deborah Tonhofer, Carleen Grimes, Dwayne Evans, Kenny Hawkins;

   c.  Negligence (Count III) as to all individually named defendants *except* Defendants Robin Smith and Adelaide Horne;

   d.  Failure to Supervise (Count VI) as to all Defendants;

   e.  Respondeat Superior (Count VII) as to all Defendants.

(3) Defendants' Motion for Summary Judgment (Dkt. 40) is **DENIED** in part as follows:

ORDER GRANTING IN PART AND
DENYING IN PART DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT
(DKT. 40); AND PLAINTIFF'S MOTION FOR
PARTIAL SUMMARY JUDGMENT (DKT.
43) - 5

        1.     Eighth Amendment Deliberate Indifference (Count I) as to Defendants Robin Smith and Adelaide Horne;

        2.     First Amendment Retaliation (Count II) as to Defendant Tim White;

        3.     Negligence (Count III) as to Defendants Adelaide Horne, Robin Smith, State of Washington, and DOC;

        4.     Negligent Infliction of Emotional Distress (Count IV).

        5.     RCW 18.71 Medical Malpractice (Count V).

(3)     Plaintiff's Motion for Partial Summary Judgment (Dkt. 43) is **GRANTED in part** as to Plaintiff's claims of negligence against Defendants Adelaide Horne, Robin Smith, State of Washington, and DOC; **DENIED** as to all other defendants.

(4)     The Clerk of Court is directed to send copies of this Order to Plaintiff and to Judge Tsuchida.

DATED this 25th day of October, 2023.

_____
Tiffany M. Cartwright
United States District Court Judge

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (DKT. 40); AND PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT (DKT. 43) - 6