UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHRISTOPHER SMITH,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF WASHINGTON;<br><br>WASHINGTON STATE DEPARTMENT<br><br>OF CORRECTIONS; ROBIN SMITH;<br><br>JULIA BARNETT; JACK WARNER,<br><br>Defendant. | Case No. 3:21-cv-05636-TMC-BAT<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR ISSUANCE OF A WRIT OF HABEAS CORPUS AD TESTIFICANDUM |

Before the Court is Plaintiff Christopher Smith's motion for issuance of a Writ of Habeas Corpus Ad Testificandum ("writ ad testificandum") under 28 U.S.C. § 1651 and § 2241. Dkt. 64. Smith's motion asks the Court to order the Washington State Department of Corrections ("DOC") to bring Smith before the Court for his civil trial scheduled for April 29, 2024. Upon reviewing the parties' briefing and relevant law, the Court GRANTS Plaintiff's motion.

**I.   BACKGROUND**

Smith is in the custody of Washington State and currently incarcerated at the Stafford Creek Corrections Center in Aberdeen, Washington ("Stafford Creek"). Dkt. 64 at 3. Smith filed

ORDER GRANTING PLAINTIFF'S MOTION FOR ISSUANCE OF A WRIT OF HABEAS CORPUS AD TESTIFICANDUM - 1

this case in Thurston County Superior Court in April 2021, alleging federal and state law claims for pain and suffering caused by, among other things, Defendants' withholding of necessary medical care and retaliation for Smith's reporting of grievances. *See* Dkt. 1-2. Defendants removed the lawsuit to this Court. Dkt. 1. After approximately two years of pretrial proceedings in front of the Honorable Brian A. Tsuchida, United States Magistrate Judge, this Court adopted Judge Tsuchida's Report and Recommendation granting the parties' cross-motions for summary judgment in part and denying them in part. *See* Dkt. 53, 57. The Court set the case for a five-day jury trial beginning April 29, 2024. Dkt. 63.

On January 30, 2024, Smith moved for issuance of a Writ of Habeas Corpus Ad Testificandum ordering DOC to transport him to attend trial and testify in person. *See* Dkt. 64. Defendants responded that DOC does not "substantively" object to Smith's motion but objects to bearing the cost of facilitating his transportation and attendance at trial. *See* Dkt. 65. In reply, Smith maintained that his attendance at trial is in the interest of justice so that the jury can assess his credibility and observe the physical harm he has endured. Dkt. 66 at 1–2.

## II.   LEGAL STANDARD

Federal courts may issue a writ of habeas corpus when necessary to bring a state prisoner "into court to testify or for trial." *See* 28 U.S.C. §1651(a); 28 U.S.C. §2241(c)(5). While imprisonment suspends a "plaintiff's usual right to be personally present at judicial proceedings brought by himself or on his behalf," *Hernandez v. Whiting*, 881 F.2d 768, 770 (9th Cir. 1989), a district court has discretion to issue a writ of habeas corpus ad testificandum so that the prisoner can testify in-person at trial. *Wiggins v. County of Alameda*, 717 F.2d 466, 468 n.1 (9th Cir. 1983) ("The district court's power to issue a writ of *habeas corpus ad testificandum* to secure the testimony of a state prisoner witness is beyond dispute.") (citing *Ballard v. Spradley*, 557 F.2d 476, 480 (5th Cir. 1977)).

ORDER GRANTING PLAINTIFF'S MOTION FOR ISSUANCE OF A WRIT OF HABEAS CORPUS AD TESTIFICANDUM - 2

District courts in the Ninth Circuit weigh the following factors when determining whether to issue a writ ad testificandum (the "*Ballard* factors"):

    (1) Whether the prisoner's presence will substantially further resolution of the case;

    (2) the security risks presented by the prisoner's presence;

    (3) the expense of the prisoner's transportation and safekeeping; and

    (4) whether the suit can be stayed until the prisoner is released without prejudice to the cause asserted.

*See Wiggins*, 717 F.2d at 468 n.1 (restating *Ballard*, 557 F.2d at 480).

The cost of compliance can be allocated in several ways, including sharing of costs between the United States and the state where the prisoner is in custody, imposing the full cost on the United States, or imposing the full cost on the state. *See id*. at 469. Moreover, other district courts in the Ninth Circuit have found that once a court determines "the prisoner's presence is essential and not outweighed by security concerns, the possibility that a lack of transportation funds or personnel will develop is not a justification for refusing to issue the writ." *Greene v. Prunty*, 938 F. Supp. 637, 640 (S.D. Cal. 1996) (applying *Ballard*).

### III.   DISCUSSION

Smith's motion requests that DOC facilitate his secure transportation from Stafford Creek for attendance at trial beginning on April 29, 2024, and for DOC agents to ensure his return to Stafford Creek at the end of each trial day. Dkt. 64 at 3. Defendants state they do not "substantively" object to Smith's motion but oppose only because "the Department should not bear the costs associated with Plaintiffs [sic] personal appearance in this trial," arguing "there is no authorization which provides for the expenditure of funds related to an indigent party's transportation." *See* Dkt. 65 at 2.

This argument is unpersuasive. Under binding Ninth Circuit precedent, it is within the

ORDER GRANTING PLAINTIFF'S MOTION FOR ISSUANCE OF A WRIT OF HABEAS CORPUS AD TESTIFICANDUM - 3

Court's power to issue a writ securing Smith's attendance at his trial, *Wiggins*, 717 F.2d at 468 n.1, and within the Court's discretion to allocate the cost "to transport, guard, and pay all expenses associated with securing [his] presence" to Washington State and DOC, *see id*. at 467, 469. Additionally, the Court agrees with other districts in this circuit that a claimed "lack" of transportation funds does not justify refusal to issue the writ. *See Greene*, 938 F. Supp. at 640. The Court's analysis is guided instead by weighing the *Ballard* factors.

First, the Court finds that Smith's presence at trial will substantially further resolution of the case. *Wiggins*, 717 F.2d at 468 n.1. This case stems from Smith's allegations of inadequate medical care while at Stafford Creek, *see* Dkt. 1-2, and he has already prevailed on his negligence claims on summary judgment, *see* Dkt. 53, 57. At trial, the jury will determine Defendants' liability on Smith's remaining claims and the amount of damages necessary to compensate him for harm caused by Defendants' negligence (or other claims on which Smith might succeed). Smith contends that this harm includes "noticeable loss of muscle mass in his left leg due to the wasting away and atrophy of those tissues," resulting "in Smith's reliance on a wheelchair for mobility," and that "there is visible discoloration and ecchymosis [bruising] observable on both of his legs." Dkt. 66 at 2. Smith's presence at trial will allow him to testify live and for the jury to observe his physical condition, which is relevant to his claims of pain, suffering, and physical degradation. Defendants do not dispute the substantive benefit of Smith's presence, *see* Dkt. 65 at 2, and the Court finds his attendance at trial will substantially assist the jury's assessment of his claims.

Second, the Court finds that there is no heightened security risk for transporting Smith beyond what is typical for a state prisoner. Defendants do not raise any objection based on a security risk he would pose to the Court or community. *See id*.

Third, the Court finds that the cost of transporting and safekeeping Smith is acceptable.

Defendants object solely based on cost, stating it "would cost the Department significantly," *id*., but they do not provide any evidence of the costs they would incur or propose how to reallocate those costs. Defendants argue they cannot be required to bear the cost of transporting a prisoner in compliance with a writ ad testificandum but cite no authority to support their position, which is contrary to applicable Ninth Circuit precedent. In *Wiggins*, the Ninth Circuit held that a state department of corrections may be required to bear the cost "to transport, guard, and pay all expenses associated with securing the presence" of a state prisoner even where the state is not a party to the underlying case. *See* 717 F.2d at 467 (noting that Wiggins's federal civil rights suit was against Alameda County). Here, because DOC is a party and responsible for the conduct alleged to have violated the law, there is further justification for allocating the costs of securing Smith's presence to DOC. Because Defendants do not show that there will be any excessive or atypical cost in complying with the writ in this case, the Court finds that the benefit of Smith's attendance outweighs the cost to DOC.

Fourth, and finally, no party has suggested that this suit can be stayed until Plaintiff is released without prejudice to the cause asserted. After considering the *Ballard* factors, the Court finds facilitating Smith's attendance at trial will substantially further the resolution of the case and will not impose an unacceptable cost or excessive security risk.

## IV.     CONCLUSION

Plaintiff's motion for issuance of a Writ of Habeas Corpus Ad Testificandum (Dkt. 64) is GRANTED. The Court will issue the writ itself by separate order.

Dated this 23rd day of February, 2024.

_____
Tiffany M. Cartwright
United States District Judge

ORDER GRANTING PLAINTIFF'S MOTION FOR ISSUANCE OF A WRIT OF HABEAS CORPUS AD TESTIFICANDUM - 5